Case No. 22-10351

# United States Court of Appeals
## for the Ninth Circuit

| | |
|---|---|
| United States of America,<br><br>   Plaintiff/Appellee,<br><br>v.<br><br>Eric Long,<br><br>   Defendant/Appellant. | Dist. No. 2:21-cr-00229-GMN-BNW-1<br><br>(District of Nevada, Las Vegas) |

Appeal from the United States District Court
for the District of Nevada

### Appellant Eric Long's
### Reply Brief

Rene L. Valladares
Federal Public Defender
*Cristen C. Thayer
Assistant Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
Cristen_Thayer@fd.org

*Counsel for Appellant Eric Long

# Table of Contents

Table of Contents ......................................................................ii

Table of Authorities..............................................................iii

Reply Argument ......................................................................1

I.    The district court procedurally erred by miscalculating Long's Sentencing Guidelines range. ........................................................1

    A.    Long's Guidelines range calculation claim is preserved. .............1

    B.    Sufficient reliable evidence did not support the enhancement....3

    C.    Even if plain error review applies, Long prevails. .......................9

II.    The district court imposed a substantively unreasonable sentence. ..................................................................................12

III.    The mental health treatment condition must be vacated and remanded under *United States v. Nishida*. ..................................14

Conclusion ..........................................................................15

Certificate of Compliance

Certificate of Service

# Table of Authorities

## Federal Cases

*Lebron v. Nat'l Railroad Passenger Corp.*,
  513 U.S. 374 (1995) .......................................................................... 2-3

*Molina-Martinez v. United States*,
  136 S. Ct. 1338 (2016) ................................................................. 11

*Rosales-Mireles v. United States*,
  138 S. Ct. 1897 (2018) ............................................................. 10, 12

*United States v. Anderson*,
  201 F.3d 1145 (9th Cir. 2000) ...................................................... 11

*United States v. Carty*,
  520 F.3d 984 (9th Cir. 2008) ...................................................... 1, 11

*United States v. Corral*,
  172 F.3d 714 (9th Cir. 1999) ........................................................ 10

*United States v. Depue*,
  912 F.3d 1227 (9th Cir. 2019) ...................................................... 11

*United States v. Franklin*,
  18 F.4th 1105 (9th Cir. 2021) .................................................... 4, 10

*United States v. Hanna*,
  49 F.3d 572 (9th Cir. 1995) ....................................................... 5, 10

*United States v. Hong*,
  938 F.3d 1040 (9th Cir. 2019) ........................................................ 1

*United States v. Joseph*,
  716 F.3d 1273 (9th Cir. 2013) ...................................................... 11

*United States v. Lee*,
  821 F.3d 1124 (9th Cir. 2016) ...................................................... 11

*United States v. McGowan,*
    668 F.3d 601 (9th Cir. 2012) ........................................................ 10

*United States v. Nguyen,*
    565 F.3d 668 (9th Cir. 2009) .......................................................... 3

*United States v. Nishida,*
    53 F.4th 1144 (9th Cir. 2022) ....................................................... 15

*United States v. Olano,*
    507 U.S. 725 (1993) ..................................................................... 10

*United States v. Pallares-Galan,*
    359 F.3d 1088 (9th Cir. 2004) ........................................................ 3

*United States v. Pimentel-Lopez,*
    859 F.3d 1134 (9th Cir. 2016) ........................................................ 9

*United States v. Rangel,*
    697 F.3d 795 (9th Cir. 2012) ........................................................ 14

*United States v. Williams,*
    846 F.3d 303 (9th Cir. 2016) .......................................................... 3

*Yee v. Escondido,*
    503 U.S. 519 (1992) ....................................................................... 2

**Federal Rules**
Fed. R. Crim. P. 52 ............................................................................ 3

**United States Sentencing Guidelines**
U.S.S.G. § 2K2.1 ......................................................................... 1, 7
U.S.S.G. § 6A1.3 ............................................................................ 5

**State Cases**

*Hobbs v. State,*
   251 P.3d 177 (Nev. 2011) ...................................................................... 8

**State Statutes**

NRS 193.240 ....................................................................................... 7

NRS 200.275 ....................................................................................... 7

NRS 200.481 ....................................................................................... 8

## Reply Argument

## I.    The district court procedurally erred by miscalculating Long's Sentencing Guidelines range.

### A.    Long's Guidelines range calculation claim is preserved.

This Court reviews "the district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts of the case for an abuse of discretion, and its factual findings for clear error." *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). The government submits that this Court should review whether the district court properly calculated Appellant Eric Long's Guidelines range for plain error. AB-6–7. The government is incorrect.

Long objected to the district court enhancing his Guidelines range by four-levels under U.S.S.G. § 2K2.1(b)(6)(B), pursuant to the government's allegation that he used the firearm in connection with an assault. 1-ER-28–30; 3-ER-400–01. Long argued that the government did not meet its burden to establish the enhancement because its video was incomplete and the alleged victim's unsworn statements contradicted the witnessing neighbor's sworn declaration. 1-ER-29–30.

1

Even the government's summary of Long's objection at sentencing demonstrates that the issue was raised before the district court. *See* AB-8 ("Long's counsel not[ed] that the video does not capture everything; argu[ed] about what the video showed; point[ed] to the statement from the neighbor regarding the incident; and not[ed] contradictions between [the alleged victim's] and the neighbor's versions"). Therefore, Long squarely challenged whether the district court could properly apply the enhancement given the incomplete and unsworn nature of the government's evidence in context with the neighbor's declaration, the same claim that he raises on appeal.

To the extent the government's complaint concerns Long's more refined arguments on appeal, the government misunderstands the difference between claims and arguments. "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. Escondido*, 503 U.S. 519, 534 (1992). In fact, the Supreme Court has held that if a claim is preserved below, a litigant may even raise an argument to support that claim on appeal that they expressly disavowed below. *Lebron v. Nat'l Railroad Passenger Corp.*, 513 U.S.

2

374, 378–79 (1995); *see also United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016) (holding that the government preserved its claim concerning probable cause by "generally" arguing probable cause existed below and then citing to a new criminal statute to establish probable cause on appeal).

In other words, "plain error review typically applies where an issue raised on appeal was not brought to the [district] court's attention." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004) (citing Fed. R. Crim. P. 52(b)); *see United States v. Nguyen*, 565 F.3d 668, 682 n.2 (9th Cir. 2009) (noting the "key question" is whether the issue was brought to the district court's attention). Long brought to the district court's attention that it should not enhance his Guidelines range based on the government's unsworn and incomplete evidence, which was contradicted by the neighbor's sworn declaration. The issue is therefore preserved.

## B. Sufficient reliable evidence did not support the enhancement.

The district court violated Long's due process rights and abused its discretion by using unreliable information to calculate Long's

Guidelines range. *United States v. Franklin*, 18 F.4th 1105, 1117 (9th Cir. 2021); OB-16–22.[1] Remand for resentencing is required.

The government argues no error occurred by separating the nature of the evidence (sworn v. unsworn) from the substance of the evidence presented below. This artificial and piecemeal approach is not consistent with this Court's caselaw regarding the district court's obligations to use only reliable information to enhance a prison sentence.

As to the nature of the evidence, the government submits that there is no requirement that evidence be sworn at sentencing and that the district court "was entitled to consider all of the evidence presented and to give it whatever probative weight it saw fit." AB-13. But while the district court surely was allowed to, and even required to, consider all evidence presented to it during sentencing regardless of its form, the district court could only base the sentence on sufficiently reliable

———————————

[1] Though the parties dispute whether the preponderance of the evidence or clear and convincing standard of proof applied at sentencing, *compare* OB-14–15, *with* AB-9–10 n.4, reversible error occurred regardless of the standard of proof applied because the district court used unreliable evidence to enhance Long's sentence.

evidence. The "trial court violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing." *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995); *see also* U.S.S.G. § 6A1.3(a) (instructing district courts to resolve important disputed factual issues only with reliable information).

So, while there is no rule that the district court must rely on sworn evidence at sentencing, the nature of the evidence is significant when the district court must resolve a factual dispute and the incomplete and unsworn evidence conflicts with sworn evidence. The district court violated Long's due process rights by relying on the government's unsworn and incomplete evidence that contradicted the sworn evidence. OB-16–22. Reliance on the incomplete and unsworn evidence to impose the four-level enhancement here was a due process violation.

As to the substance of the evidence, the government mischaracterizes its evidence and ignores that its evidence conflicts with the declaration of neighbor Latazsha Reese who witnessed the incident. The government concludes that its evidence was "a video recording of the crime itself" and insists alleged victim Dominique

Hood's statements corroborated the recording, rendering its evidence reliable. AB-14, 16. The video, which did not capture the full interaction between the two, shows Long yelling at Hood and then walking away from her while he held a gun down by his side. ECF No. 112, Gov. Ex. 1; 3-ER-403, 406 (government conceding below that the video does not capture the full interaction). This partial video recording cannot be taken in isolation from the rest of the evidence given the nuanced nature of assault and self-defense. When considered in conjunction with their neighbor's declaration establishing it was Hood who physically threatened and then battered Long, this partial video does not establish that Long assaulted Hood under Nevada law. OB-18–20. Hood's statements about the missing portion conflict with the only sworn declaration in the record, which averred that Hood battered Long by shoving him on the back of the head and then spitting on him. 3-ER-348.

The government further ignores that the neighbor's sworn statement also demonstrates Long's actions during this contentious incident were in self-defense. OB-17–21. Long is in extremely poor health due to, in part, a rare tumor in his central nervous system. 3-ER-

6

352. Given this tumor, a serious trauma to his head can easily cause bleeding into the tumor and kill him. 3-ER-375. The neighbor unequivocally swore that "[t]hroughout the incident, [Hood] was the aggressor. She threatened [Long and his wife], physically assaulted [Long], and continued to escalate the situation." 3-ER-348. This evidence demonstrates the Long acted in self defense to Hood's threats and battery when holding a gun by his side during the interaction. Self-defense negates guilt for assault. NRS 200.275; NRS 193.240. Therefore, the government did not prove that Long possessed the gun in connection with an assault to support the four-level enhancement. U.S.S.G. § 2K2.1(b)(6)(B).

The government further relies on Hood's uncorroborated and unsworn statement that Long pointed the gun in her face and said multiple times he was going to shoot her. AB-11. But the government fails to acknowledge that this statement conflicts with the neighbor's

sworn statement that she did not witness Long "threaten or physically assault" Hood. 3-ER-348.[2]

Finally, the government incorrectly suggests that the caselaw in Long's Opening Brief is inapposite because in those cases the district court relied on statements by someone who "had everything to gain and nothing to lose" by implicating the defendant. AB- 13–14. The scenario here is similar factually to that present in those cases because Hood was herself at risk of being arrested. The neighbor declared that Hood forcefully shoved Long and then spit on him. 3-ER-348. Both actions constitute battery in Nevada. *Hobbs v. State*, 251 P.3d 177, 177, 180 (Nev. 2011) (holding that battery under NRS 200.481 includes mere offensive touching and affirming a battery conviction for spitting on another's face). Therefore, Hood did have something to gain and nothing to lose by shifting the police's focus towards Long and away from her

_____

[2] The government also suggests that "[a]t two points in the video, Long appears to push Hood as the camera shakes violently." AB-11. The video exhibits have been transmitted and received by this Court. App. Dkt. 32. The videos do not demonstrate that Long touched Hood at any point. *See* ECF No. 112, Gov. Ex. 1. And, again, Hood's unsworn statement conflicts with their neighbor's sworn statement that Long did not threaten or physically assault Hood. 3-ER-348.

during the investigation. Furthermore, at least one decision recognized the valuative difference between sworn testimony and unsworn statements to police regarding statements implicating the defendant by a person who may be attempting to minimize their own culpability. *See United States v. Pimentel-Lopez*, 859 F.3d 1134, 1144 (9th Cir. 2016). Under this Court's caselaw, the district court violated Long's due process rights and abused its discretion in relying on Hood's partial recording and unsworn statements to enhance Long's sentence.

Given the nature and substance of the evidence before the district court at sentencing, the district court erred in holding that the government had met its burden to obtain the four-level enhancement. Because of the significant procedural error in calculating Long's Guidelines range, this Court should vacate the sentence and remand for resentencing.

## C. Even if plain error review applies, Long prevails.

Regardless of the standard of review applied, Long has demonstrated that the district court improperly calculated his Guidelines range, and remand for resentencing is required. A defendant meets the plain error standard by showing: (1) an error, (2) that is

9

plain, (3) affected the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). All prongs are met here.

First, Long has established error. The district court based a four-level enhancement on unreliable facts, resulting in an erroneous Guideline calculation. OB-16–22; 1-ER-37–38; *see United States v. Corral*, 172 F.3d 714, 716 (9th Cir. 1999) (holding that remand was required when the record showed the unreliable information "may have mattered" to the district court's Guidelines calculation).

Second, the error is plain. An error is plain if it is clear or obvious under controlling caselaw. *United States v. Olano*, 507 U.S. 725, 734 (1993). This Court's caselaw makes clear that a district court commits a due process violation and abuses its discretion by basing a sentencing determination on reliable facts. *United States v. Franklin*, 18 F.4th 1105, 1117 (9th Cir. 2021); *United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012); *Hanna*, 49 F.3d at 577. It is also clearly established that the district court must properly calculate the Guidelines range,

10

and a miscalculation requires resentencing. *See Carty*, 520 F.3d at 991; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

Third, the Guidelines calculation error affected Long's substantial rights because there is "a reasonable probability that [he] would have received a different sentence if the district court had not erred." *United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019). When "a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Indeed, a longer sentence of even just one month "undoubtedly affects substantial rights." *United States v. Anderson*, 201 F.3d 1145, 1152 (9th Cir. 2000); *see United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013). Without the four-level enhancement, Long's Guidelines range is 30 to 37 months' imprisonment, as opposed to the 46 the 57-month range the district court applied. Therefore, the calculation error seriously affects Long's substantial rights.

Fourth, the error seriously affects the integrity, fairness, and public perception of the judicial system. "It is crucial in maintaining public perception of fairness and integrity in the justice system that courts exhibit regard for fundamental rights and respect for prisoners as people." *Rosales-Mireles*, 138 S. Ct. at 1907. "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Id.* at 1908. "In the context of a plain Guidelines error that affects substantial rights, that diminished view of the proceedings ordinarily will satisfy [plain error review's] fourth prong." *Id.*

This Court should therefore vacate Long's sentence and remand for resentencing.

## II. The district court imposed a substantively unreasonable sentence.

Long's particular circumstances, and the circumstances underlying the federal offense, render a two-year prison sentence unreasonable and greater than necessary to serve the purposes of

sentencing. OB-23–30. At least six factors demonstrate the unreasonable nature of a 2-year prison sentence. First, Long's serious medical conditions render a custodial sentence unreasonable. OB-23–26. Second, while Long has a history of convictions, his criminal history is old and stems from his time as a young man in California. OB-26–27. Third, Long demonstrated during a lengthy period of pretrial release that he can be successful outside of a carceral facility and use the tools available to rehabilitate. OB-27. Fourth, Long serves as a caretaker for his long-time partner, who suffers from advanced heart disease. OB-27. Fifth, Long has other familial support, including his stepson and sister, and with their support he is finally reconciling his traumatic upbringing, which included being forced to steal food to survive as a child, being placed in a mental institution at 11 years old, and then being kicked out of the house at 13 when his mother's new boyfriend wanted him gone. OB-28–29; Defense Sentencing Exhibit A. Sixth, despite his medical disabilities, Long demonstrated that he can and will contribute to his community, for example, by helping elderly neighbors and cleaning up his apartment complex. OB-29.

To argue that the sentence imposed is reasonable, the government notes the district court varied downward (from the erroneous range) and acknowledged Long's mitigation grounds at sentencing. AB-18–19. But Long's claim is not that the district court procedurally erred by failing to explain why it was rejecting Long's specific and non-frivolous mitigation arguments. *See, e.g.*, *United States v. Rangel*, 697 F.3d 795, 805 (9th Cir. 2012) (recognizing this procedural sentencing error). Instead, Long explained that considering his substantial mitigation and personal history and circumstances—including that he will be subjected to "an unequal incarceration experience as compared to someone who is healthier," amounting to a prison sentence that at times will be "particularly cruel," 3-ER-368—a custodial sentence is unreasonable.

This Court should vacate the sentence and remand for imposition of a substantively reasonable non-custodial sentence.

## III. The mental health treatment condition must be vacated and remanded under *United States v. Nishida*.

The government agrees that the Court must remand to allow the district court to revise the mental health treatment condition to clarify whether the condition authorizes outpatient and/or inpatient treatment.

14

AB-20; OB-30–32; *United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022).

## Conclusion

This Court should vacate the sentence in full and remand for resentencing.

Dated: August 22, 2023

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Cristen C. Thayer*
Cristen C. Thayer
Assistant Federal Public Defender
Attorney for Appellant Eric Long

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 23-10351

I am the attorney or self-represented party.

**This brief contains** 2,632 **words,** including _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ ☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ ☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated _____.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Cristen Thayer **Date** August 22, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 22-10351

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

> Eric Long, #63320-509
> FMC Fort Worth
> Federal Medical Center
> P.O. Box 15330
> Fort Worth, TX 76119

**Description of Document(s)** *(required for all documents)*:

> Appellant Eric Long's Reply Brief

**Signature** | /s/ Cristen C. Thayer          **Date** | August 22, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15** *Rev. 12/01/2018*